UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE LUIS DIPARRA,<br><br>Petitioner,<br><br>vs.<br><br>JEFF WARD, Secretary, et al.,<br><br>Respondents. | Case No. 14-cv-2369-H (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(2) DENYING MOTION FOR EVIDENTIARY HEARING**<br><br>**(3) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMONEDATION; AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. Nos. 1, 22, 26] |

On October 6, 2014, Petitioner Jose DiParra ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On April 24, 2015, Respondent filed an answer. (Doc. No. 13.) On July 13, 2015, Petitioner filed a traverse. (Doc. No. 20.) On September 1, 2015, the magistrate judge issued a report and recommendation that recommended denying

the petition for writ of habeas corpus and the motion for an evidentiary hearing. (Doc. No. 26.) On October 5, 2015, Petitioner filed objections to the magistrate judge's report and recommendation. (Doc. No. 27.) After careful consideration, the Court denies the petition for writ of habeas corpus, adopts the magistrate judge's report and recommendation, and denies a certificate of appealability.

## Background

### I. Procedural History

On April 18, 2011, Petitioner pleaded guilty to failing register as a sex offender in violation of California Penal Code §§ 290.015 and 290.018(b) and admitted to having two prior strikes. (Lodg. No. 1 at 9-11.) The court dismissed one strike, sentenced Petitioner to a term of six years in state prison, and imposed various fines and fees including a $10,000 restitution fine and a $154 booking fee. (Lodg. No. 2 at 18-20.)

On February 1, 2012, Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One, challenging the imposed fines and fees and alleging that his trial counsel was constitutionally ineffective for failing to object to those fines and fees. (Lodg. No. 3.) On September 11, 2012, the state appellate court affirmed the trial court's imposition of fines and fees. (Lodg. No. 5 at 10.) On October 9, 2012, Petitioner filed a petition for review in the California Supreme Court. (Lodg. No. 6.) On November 14, 2012, the California Supreme Court denied the petition for review. (Lodg. No. 7.)

On August 16, 2012, Petitioner filed a state petition for a writ of habeas corpus in San Diego County Superior Court. (Lodg. No. 8.) Petitioner claimed ineffective assistance of counsel, alleging that his trial counsel failed to explain the ramifications of pleading guilty and failed to argue for a shorter sentence at Petitioner's sentencing hearing. (Id. at 3-10.) Petitioner additionally claimed that his trial counsel provided ineffective assistance by failing to object to the imposition of fines and fees. (Id. at 11-14.) On September 24, 2012, in a reasoned opinion, the Superior Court denied Petitioner relief on all grounds raised by Petitioner. (Lodg. No. 9.) On December 11, 2012, Petitioner filed a petition for

writ of habeas corpus with the California Court of Appeal, Fourth Appellate District, Division One. (Lodg. No. 10.) On February 15, 2013, the state appellate court denied the petition on all grounds. (Lodg. No. 11.) On July 26, 2013, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Lodg. No. 12.) On October 16, 2013, the Supreme Court denied Petitioner relief. (Lodg. No. 13.) In re Diparra, 2013 Cal. LEXIS 8235 (Cal. 2013). On January 10, 2014, Petitioner filed a second state petition for writ of habeas corpus in San Diego County Superior Court concerning a projected release date. (Lodg. No. 14.) On March 6, 2014, the Superior Court denied Petitioner relief. (Lodg. No. 15.) On October 6, 2014, Petitioner filed a federal petition for writ of habeas corpus. (Doc. No. 1.)

Petitioner contends that he received ineffective assistance of trial counsel in violation of the Sixth Amendment. (Doc. No. 1.) Respondent argues that the state court's resolution of the claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (Doc. No. 13-1 at 7.) Respondent additionally argues that Petitioner is ineligible for relief on the alleged instances of ineffective assistance of counsel that occurred prior to Petitioner's entry of a guilty plea. (Id. at 5.)

## II. Statement of Facts

The Court takes the following facts from the California Court of Appeal's opinion in Petitioner's direct appeal:[1]

> According to the probation officer's report, in 1984 DiParra pleaded guilty to two counts of committing lewd and lascivious acts with a child under 14 (§ 288, subd. (a)). Because of this conviction, he is required to register as a sex offender for the rest of his life. He has three prior convictions, one in 1996, one in 2006, and one in 2007, for failing to comply with the registration requirement. On March 3, 2011, DiParra was released from prison on parole for the 2007 offense. He never reported to the parole office and never registered as a sex offender. Almost a month after his release, San Diego Harbor Police arrested DiParra after a citizen reported seeing him in a park area frequented by drug users and living in some bushes across from an elementary school.

---

[1] Lodg. No. 5. The Court gives deference to state court findings of fact and presumes them to be correct.

DiParra states he has military service-connected post-traumatic stress disorder. At the time of his arrest, DiParra was 63 years old, homeless and unemployed. He had no source of income, no assets and no debts. He previously worked in the fiberglass industry for over 20 years and also in the shipyards. A psychologist who evaluated him for the sentencing hearing noted he is eligible for benefits and support from the United States Department of Veterans Affairs (VA). DiParra indicated to the probation officer he was considering seeking help through the VA upon his release from custody.

## Discussion

### I. Legal Standards

#### A. Petition for Habeas Corpus

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged . . . ." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to," or "an unreasonable application" of United States Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1)-(d)(2).

A federal court may grant habeas relief if a state court either "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or

"confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Early v. Packer, 537 U.S. 3, 8 (2002). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). "Although the Supreme Court has declined to decide whether a district court 'may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied,' an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." Sully v. Ayers, 725 F.3d 1057, 1075 (9th Cir. 2013) (citing Pinholster, 563 U.S. at 203 n.20).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable application" of binding precedent must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted); see also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Additionally, even if a state court decision is "contrary to" United States Supreme Court precedent or rests on an "unreasonable determination" of facts in light of the evidence, the petitioner must show that such error caused substantial or injurious prejudice. Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at 637-38); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000). The AEDPA creates a highly deferential standard toward state court rulings. Woodford v. Viscotti, 537 U.S. 19, 24 (2002); see also Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007) (citing Woodford, 537 U.S. at 24).

In determining whether a state court decision is contrary to clearly established

federal law, the Court looks to the state court's last reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where there is an unexplained decision from the state's highest court, the court "looks through" to the last reasoned state judgment and presumes that the unexplained opinion rests upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the magistrate's report, the district court reviews de novo those portions of the report. Id.

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984). To establish ineffective assistance of counsel, a petitioner must first show his attorney's representation fell below an objective standard of reasonableness. Id. at 688. A petitioner must also demonstrate that he was prejudiced by his counsel's errors. Id. at 694.

Counsel's performance is deficient only if it falls below an objective standard of reasonableness. Id. at 687-88. The petitioner bears the burden of overcoming the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Id. at 689. When considering a claim of ineffective assistance of counsel, a reviewing court must be highly deferential to counsel's performance. Id. "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

To show prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A petitioner cannot establish prejudice by

showing only that counsel's errors had "some conceivable effect on the outcome of the proceeding." Id. at 693.

## II. Analysis

### A. Ineffective Assistance of Counsel

#### 1. Consequence of Guilty Plea

Petitioner claims ineffective assistance of counsel arising from his attorney's alleged failure to review the police report of his arrest and to adequately explain the potential consequences of pleading guilty. (Doc. No. 1 at 11, 24.) Respondent argues that the state's denial of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court law. (Doc. No. 13-1 at 7-8.)

Petitioner properly raised these claims in his petition for review to the California Supreme Court, which was subsequently dismissed. See In re DiParra, 2013 Cal. LEXIS 8235 (Cal. 2013). Based on that dismissal, this Court must "look through" to the most recent reasoned state opinion. See Ylst, 501 U.S. at 806. The appellate court denied Petitioner's ineffective assistance of counsel claim, stating "[t]he record does not support DiParra's claims regarding a lack of understanding of his change of plea." (Lodg. No. 11 at 2.) Further, the appellate court noted that Petitioner's "attorney explained the consequences of the plea." (Id.) Finally, the court noted that Petitioner "fail[ed] to explain the effect of the police reports that his counsel allegedly failed to obtain." (Id.) Additionally, the Court noted Petitioner's guilty plea precluded him from "challeng[ing] the means of his arrest." (Id.)

This holding was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. See Missouri v. Frye, 132 S. Ct. 1399, 1405-06 (2012) (holding a petitioner must show that if his attorney had provided adequate advice and assistance, petitioner would have elected to plead not guilty and proceed to trial). As the appellate court noted, Petitioner failed to show an objectively deficient performance of his attorney or any prejudice to himself stemming from the alleged deficient performance. (Id.) At the change of plea hearing, Petitioner acknowledged that he was entering a guilty

plea knowingly and voluntarily. (Lodg. No. 2 at 4-7.) The Court confirmed that Petitioner's counsel had reviewed the change of plea form with Petitioner. (Doc. No. 1 at 47; Lodg. No. 2 at 4.) Finally, given that Petitioner pleaded guilty, Petitioner has not demonstrated how his attorney's alleged failure to obtain the police report in regard to his arrest affected his proceedings in any way. Accordingly, Petitioner has not demonstrated objectively deficient performance of his counsel, nor any prejudice stemming from any alleged deficient performance. Strickland, 466 U.S. at 684-94. Thus, the Court denies habeas relief as to this part of Petitioner's ineffective assistance of counsel claim.

### 2. Psychological Records

Petitioner claims ineffective assistance of counsel arising from his attorney's alleged failure to obtain Petitioner's prison psychological records. (Doc. No. 1 at 20.) Respondent argues that the state's denial of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court law. (Doc. No. 13-1 at 7-8.)

Petitioner must demonstrate that his guilty plea was the result of advice not "within the range of competence demanded of attorneys in criminal cases." Id. at 266 (quoting McMann v. Richardson, 397 U.S. 759, 770 (1970)). The state court pointed out that his attorney arranged for his own psychological evaluation and presented the report to the court in support of a Romero motion to dismiss a prior conviction allegation, which the court granted. People v. Superior Court (Romero), 13 Cal. 4th 497, 508 (1996). As a result, Petitioner has failed to demonstrate that his attorney's actions in his plea discussion or investigation into his psychological background fell below an acceptable range of advice.

Accordingly, Petitioner has not demonstrated objectively deficient performance of his counsel, nor any prejudice stemming from any alleged deficient performance. Strickland, 466 U.S. at 684-94. Thus, the Court denies habeas relief as to Petitioner's ineffective assistance of counsel claim arising from the alleged failure of counsel to obtain Petitioner's psychological records.

///

### 3. Imposition of Fees and Fines

Petitioner claims ineffective assistance of counsel arising from his attorney's failure to object to the imposition of fees and fines. (Doc. No. 1 at 32.) Respondent argues that the state's denial of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court law. (Doc. No. 13-1 at 7-8.)

Petitioner contested the imposition of fees and fines in his direct appeal. (Lodg. No. 3.) The state appellate court affirmed the trial court's imposition of fees and fines. (Lodg. No. 5.) The appellate court denied Petitioner relief on the merits based on Petitioner's ability to pay, assuming without deciding that Petitioner had not forfeited his challenge by failing to object at the trial court. (Lodg. No. 5 at 5-10.)[2] The court noted that the record supported a finding that Petitioner had the "ability to pay" based on his future earning capacity stemming from his "education, job skills, and past employment history." Additionally, the court noted Petitioner's eligibility for social security benefits, veteran's benefits, and potential retirement benefits from his previous years of employment. (Id. at 7.) The California Supreme Court dismissed Petitioner's request for review. (Lodg. No. 7.)

In light of the record, Petitioner has not demonstrated objectively deficient performance of his counsel, nor any prejudice stemming from any alleged deficient performance. Strickland, 466 U.S. at 684-94. Thus, the Court denies habeas relief as to Petitioner's ineffective assistance of counsel claim stemming from the failure to object to the imposition of fees and fines.

### 4. Withdrawal of Guilty Plea

Petitioner claims ineffective assistance of counsel arising from his counsel's alleged failure to fully discuss with Petitioner whether he should withdraw his guilty plea. (Doc.

---

[2] Based on this assumption, the Court of Appeal declined to address the merits of Petitioner's ineffective assistance of counsel claim for failing to object.

No. 1 at 39.)  Respondent argues that the state's denial of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court law.  (Doc. No. 13-1 at 7-8.)

Petitioner properly raised this claim in his petition for review to the California Supreme Court, which that court dismissed.  See In re DiParra, 2013 Cal. LEXIS 8235 (Cal. 2013).  Thus, this Court "looks through" to the most recent reasoned state court opinion.  See Ylst, 501 U.S. at 806.  The appellate court denied Petitioner's claim of ineffective assistance of counsel, stating Petitioner "fails to show any objectively deficient performance or any prejudice."  (Lodg. No. 14 at 2.)

This holding was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.  The record reflects that counsel adequately represented petitioner.  For example, the appellate court pointed to Petitioner's successful Romero motion dismissing a prior conviction, leading to his favorable sentence of six years rather than twenty-five years to life.  (Id.; Lodg. No. 2.)  Petitioner does not assert that he would have withdrawn his guilty plea if his counsel had advised him differently.  Rather, he asserts that his counsel did not advise him of the consequences of withdrawing his guilty plea even though the trial court during Petitioner's first Marsden hearing instructed counsel to confer with Petitioner on this subject.  (See Doc. No. 1 at 39, 55-56.)  At Petitioner's second Marsden hearing prior to his sentencing, Petitioner's counsel explained he had communicated with Petitioner by telephone.  (Id. at 67, 71.)  In sum, Petitioner secured a favorable sentence after his guilty plea.

Petitioner has not demonstrated that his counsel's communications with him were constitutionally ineffective, nor has he demonstrated or alleged any prejudice from the alleged ineffective assistance of counsel.  Strickland, 466 U.S. at 684-94.  Counsel obtained a psychological evaluation of Petitioner in support of a successful Romero motion and garnered Petitioner a favorable sentence in light of the possible twenty-five years to life sentence.  Additionally, Petitioner voluntarily and intelligently entered into his guilty plea, knowing the potential consequences of his sentence.  (Doc. No. 1 at 68-69.)  Thus, the

Court denies habeas relief as to Petitioner's ineffective assistance of counsel claim.

## Conclusion

For the foregoing reasons, the Court denies the petition for habeas corpus, denies the request for an evidentiary hearing under <u>Pinholster</u>, and adopts the magistrate judge's report and recommendation. Additionally, the Court declines to issue a certificate of appealability as Petitioner failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED: December 4, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

11
14-cv-2369-H (PCL)